UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:  

Thomas G. Gialamas,

Debtor.

Case No.: 18-13341-tml

---

## MEMORANDUM DECISION

The matter comes before the court on the motion of creditor Erick Hallick for relief from the automatic stay and to abandon property. (ECF No. 167.) The motion as filed addressed two parcels of real property: a condominium in Chicago and a strip mall in Prairie Du Chien, Wisconsin. However, the motion as it relates to the Chicago condominium was resolved by an agreed order on stipulation entered on June 18, 2019, lifting the stay with respect to and abandoning the estate's interest in the condominium. (ECF No. 223.) With respect to the strip mall, however, the Debtor and the Unsecured Creditor's Committee object to both the requested stay relief and abandonment. After briefing and on stipulated facts filed by the parties, the court finds that Mr. Hallick has failed to demonstrate that he has an unavoidable lien in the Debtor's interest in the strip mall, and therefore the motion will be denied with respect to such property.

### Factual and Procedural Background

The bankruptcy case was commenced by an involuntary chapter 7 petition on October 2, 2018. The court entered the order for relief on January 24, 2019 and, on the Debtor's motion, the case was converted to Chapter 11 on February 27, 2019. A

plan has not yet been filed, though the exclusivity period for the Debtor to file a plan has been extended through September 27, 2019.

Creditor Erick Hallick, who is also the defendant in an adversary proceeding brought by the Debtor for avoidance of a pre-petition transfer, seeks stay relief and abandonment of what his motion simply refers to as the "Blackhawk Junction Strip Mall." (ECF No. 167.) The parties agree that the motion refers to "real estate" and do not dispute which real estate that is, and further stipulate that the real estate is owned by Blackhawk Junction, LLC, of which the Debtor is the sole member. (Stipulation, ECF No. 220.) The parties also stipulate that Mr. Hallick obtained and docketed a judgment against the Debtor on October 12, 2017 in the amount of $16,695,688.11 in the Circuit Court of Dane County, Wisconsin, Case No. 17-CV-332, *Hallick v. Thomas Gialamas and Madison Office Fund, LLC.* (*Id.*) The Debtor's ex-wife, Penelope Gialamas was added to the Dane County proceeding post-judgment as a "garnishee defendant." (*Id.*)

Mr. Hallick served the Debtor with an order directing him to appear for supplemental examination on December 21, 2017. (ECF No. 220, Ex. C.) The uncontested record next references an order entered by the Dane County court on February 5, 2018. (The "February 2018 Order", Motion, ECF No. 167, Ex. B.) The preamble to this order indicates that the Debtor's ex-wife Penelope Gialamas had "filed a pleading with the Court on October 26, 2017, entitled Motion to Intervene and to Determine Marital Rights", in which she "sought to prevent [Hallick] from enforcing the Judgment against [Ms. Gialamas'] half of the marital estate." (*Id.* at 1.)

The February 2018 Order conditionally denied Ms. Gialamas' motion, finding that the marital assets owned by the Gialamases are not subject to exemption from collection to the extent they are traceable to monies received from Mr. Hallick. The order goes on to recognize, however, Ms. Gialamas' right to ask the court to address her claim for any excess proceeds above the amounts the court found traceable to moneys provided by Mr. Hallick. (*Id.,* ¶¶ 4,6.) The creditor argues in his pending motion that the February 2018 Order creates a lien on the Debtor's interest in the strip mall, specifically relying on the order's provision that "the Blackhawk Junction Strip Mall shall be sold and the proceeds of such sale, up to and including [$1,178,000.00] shall be paid to Erick Hallick in partial satisfaction of the Judgment." (*Id.,* ¶ 4.)

Although acknowledging a recent assessment estimated the fair market value of this real estate to be $3,341,500.00, Mr. Hallick alleges that the property has been damaged by fire and is subject to a pending *in rem* foreclosure action based on a delinquent property tax bill of $474,223.34. Based on these circumstances, he argues that the real estate is worth only $1,168,000.00, with a "forced-sale value" of only $934,400. (Mot. ECF No. 167, ¶9-10.) He therefore argues that after applying his alleged lien, the strip mall property is of inconsequential value to the estate, lacks equity and is not necessary for an effective reorganization, and that his lien interest in the property is not adequately protected. The Debtor and the Unsecured Creditor's Committee oppose the motion, arguing that Mr. Hallick does not have a lien or other protectible property right in the property.

Discussion

A motion to terminate, annul, or modify the automatic stay is a core proceeding, as is a request to abandon property of the estate. 28 U.S.C. § 157(b)(2)(A), (E), (G), (M) and (O). Stay relief is governed by section 362(d) of the Bankruptcy Code and abandonment by section 554(a), and thus both matters "aris[e] under title 11" and are within the original jurisdiction of the district court. 28 U.S.C. § 1334(b). That authority has been referred to this court pursuant to 28 U.S.C. § 157(a). (General Order 161, United States District Court for the Western District of Wisconsin, June 12, 1984.) Accordingly, this court may enter final judgment on both matters. *See, e.g., In re Morrow*, 495 B.R. 378, 382 (Bankr. N.D. Ill. 2013).

Section 362(d) provides for relief from the automatic stay on request of a party in interest "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest" and (2) "with respect to a stay of an act against property … if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d). For purposes of stay relief, "the party requesting such relief has the burden of proof on the issue of the debtor's equity in property [and] the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g). Additionally, on request of a party in interest, "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554.

As noted above, Mr. Hallick argues that he holds a pre-petition lien in the "Blackhawk Junction Strip Mall" on the basis of the Dane County to Order to Appear for Supplemental Examination, and specifically its provisions for the sale of the "Blackhawk Junction Strip Mall" and the distribution of sale proceeds. (ECF No. 167, Ex. B.) The Wisconsin Supreme Court, however, has held that "supplemental proceedings under ch. 816" of the Wisconsin Code are merely "a discovery tool in aid of judgment collection" and do "not give rise to a blanket lien on all of [the judgment debtor's] personal property." *Associated Bank N.A. v. Collier*, 852 N.W.2d 443, 445 (Wisc. 2014). The court in *Associated Bank* rejected case law suggesting that service of an order to appear for supplemental proceedings "create[s] a common law lien on the debtor's personal property," explaining that a "judgment creditor obtains an interest in a judgment debtor's identified, non-exempt personal property superior to other unsecured creditors when it dockets its money judgment, identifies specific personal property and levies that property." 852 N.W.2d at 445. The court in *Associated Bank* goes on to explain that a creditor may accomplish the requisite levy "by at least three different means: (1) by executing against specific personal property with the assistance of a sheriff; (2) by serving the garnishee defendant in a garnishment action to seize specific property in the hands of the garnishee defendant; or (3) by obtaining an order to apply specific personal property to the satisfaction of the judgment, which a creditor may do with the assistance of a supplemental receiver." *Id.*

Hallick does not dispute that *Associated Bank* applies here. Instead, he argues

that the February 2018 Order amounts to the third type of levy, namely, an order to apply specific personal property to the satisfaction of the judgment. This is based upon section 816.08 of the Wisconsin Code, which provides:

> The court or judge may order any property of the judgment debtor or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment; but if it appear that any person alleged to have property of the judgment debtor or to be indebted to the judgment debtor claims an adverse interest in the property or denies the debt, such interest or debt shall be recoverable only in an action against such person by the receiver; and a transfer or other disposition of such property or interest may be restrained till a sufficient opportunity be given to the receiver to commence the action and prosecute the same to judgment and execution or until security therefor shall be given as ordered.

Wis. Stat. Ann. § 816.08.

This court afforded the parties several opportunities to present evidence for this motion. The parties declined to do so, requesting instead that the court decide the motion on the briefs submitted and the stipulation of facts they filed on June 7, 2019.[1] Based on the record before it, the court concludes that Hallick failed to show the February 2018 Order created a lien against property of the bankruptcy estate.

The February 2018 Order makes no reference to a lien. Nor does it define the term "Blackhawk Junction Strip Mall." In ordinary usage, the phrase "Blackhawk

---

[1] Additionally, the Debtor filed a "Supplement" on August 8, 2019, attaching what the Supplement represents to be the operating agreement for Blackhawk Junction, LLC. (ECF No. 248.) In the Supplement signed only by Mr. Gialamas, the Debtor represents that the Debtor, the Unsecured Creditors Committee and Mr. Hallick have stipulated that the attached document, entitled Amended and Restated Operating Agreement of Blackhawk Junction, LLC, dated October 2010 "is the operating agreement for Blackhawk Junction LLC since October 31, 2010." The Supplement further represents that, although the attached operating agreement appears to indicate that the company was 50% owned by Norse Leasing Corporation, that interest was transferred to the Debtor and the Parties "stipulate for purposes of the debtor's chapter 11 proceedings that the debtor owns all of the interest of Blackhawk Junction, LLC since June 1, 2013." (*Id.*)

Junction Strip Mall" without more brings to mind the real property constituting the strip mall rather the limited liability company which owns it, let alone the Debtor's intangible ownership interest in such company. The parties stipulate that the real estate that is the subject of the motion is owned by Blackhawk Junction, LLC, not the Debtor. Based on their stipulation this court must conclude for purposes of this motion that the movant has not met his burden to demonstrate that the real estate is now property of Mr. Gialamas' bankruptcy estate. The parties stipulate that at all relevant times the Debtor has owned a membership interest in Blackhawk Junction, LLC. But that simply means his membership interests in Blackhawk Junction, LLC are property of the bankruptcy estate. The underlying assets owned by the limited liability company are not. *See Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) ("The corporate assets of Fowler Trucking, Inc. are not property of the debtor and therefore cannot become property of Fowler's bankruptcy estate."); *In re Coenen*, 487 B.R. 539, 541 (Bankr. W.D. Wis. 2012) ("Although the estate includes the membership and ownership of the LLC, it does not include the assets owned by the LLC. Those assets do not become property of the debtor's bankruptcy estate.").

As such, Mr. Hallick has failed to show that the automatic stay applies to the strip mall. There is no basis to order the bankruptcy estate to abandon that which it does not own and, accordingly, the remainder of the motion must be denied. Further, the court need not determine whether the February 2018 Order imposed a lien upon the real estate, despite the lack of clear language imposing a lien and despite the undisputed fact that the limited liability company was never a party to the Dane

County action. Because the real estate is not property of the estate, resolution of such issues would not affect this court's determination of the motion for stay relief and abandonment.

Nor has Mr. Hallick shown that the February 2018 Order created a lien in the Debtor's membership interests in Blackhawk Junction, LLC. Nothing in that order references the corporate entity, and there has been no showing that the state court considered whether or was even aware that a separate entity owned the real estate.[2] Furthermore, the stipulation filed in connection with this motion states that Mr. Hallick sought a charging order with respect to the Blackhawk Junction, LLC membership interest following the entry of the February 2018 Order. On July 6, 2018 he obtained the charging order. He later obtained a separate order appointing a receiver on August 31, 2018.[3] If anything, Mr. Hallick's stipulated-to behavior after the entry of the February 2018 Order would seem to cast doubt on a suggestion that he understood that the February order without more granted him an enforceable lien in the Debtor's membership interest in the LLC.

---

[2] Having determined that the February 2018 Order did not impose a lien in the LLC membership interest, this court need not address the unasked and unbriefed question of whether charging order procedures in the Wisconsin Limited Liability Act, Wis. Stat. §§ 179.63, 183.0705 are the exclusive means to impose a judicial lien on a limited liability company interest. At least one commentator, while suggesting that Wisconsin's omission of exclusivity language in comparison to the Uniform Limited Liability Company Act means that other means of imposing liens are permitted, has warned that "whether a charging order is the sole remedy for a creditor against a debtor's business interests in Wisconsin may still be an open question." Robert A. Pasch, 12 Wis. Prac., Wis. Collection Law § 20:12 (2d ed.).

[3] It is further worth taking note that Hallick does not rely upon either the July 2018 Order or the August 2018 Order in his motion for stay relief. Those orders were entered within 90 days of the petition and are the subject of a pending preference action brought by the Debtor in Possession.

## CONCLUSION.

Accordingly, Mr. Hallick's motion for stay relief and abandonment as it relates to the Blackhawk Junction strip mall will be denied. A separate order will be contemporaneously entered to give effect to this ruling.

DATE: September 3, 2019

ENTER

*Thomas M. Lynch*
Thomas M. Lynch
United States Bankruptcy Judge