UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: Thomas G. Gialamas, | ) | Bankruptcy No. 18-13341 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Judge Lynch |
| | ) | |
| | ) | |

## MEMORANDUM DECISION ON THE DEBTOR'S SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS TO FILE AND OBTAIN ACCEPTANCE OF A PLAN

This case began as an involuntary chapter 7 case and, upon the Debtor's motion, was converted to chapter 11 on February 27, 2019. In a previous order entered pursuant to 11 U.S.C. § 1121(d), this court extended the exclusivity period for the Debtor to file a plan of reorganization and obtain acceptance of that plan to and through September 27, 2019, and November 29, 2019, respectively. (ECF No. 230.) The Debtor has now filed a second motion seeking an extension of the exclusivity period for filing a plan to "December 6, 2019, or a date 45 days after the Court issues a decision on the cross-motions for summary judgment in the Hallick preference action, whichever is later." (ECF No. 272.) The Debtor also requested "a date 60 days after the conclusion of the Debtor's exclusive period to file a plan" in order to obtain acceptance of the plan. (*Id.*) Creditor Erick Hallick has filed an objection to the Debtor's request. (ECF No. 286.) For the reasons stated below, the Debtor's request for an additional extension of the exclusivity period is denied.

### DISCUSSION

The Bankruptcy Code grants the Debtor an exclusive 120-day period from the order for relief in which to file a proposed plan of reorganization, 11 U.S.C. § 1121(b), and a 180-day period from the order for relief to gain acceptance of the plan, *id.* § 1121(c)(3). Upon a

timely request, the court may "for cause" extend these exclusive periods. *Id.* § 1121(d)(1). The party seeking to extend these time periods bears the burden of proving that the requisite cause exists. *In re All Seasons Indus., Inc.*, 121 B.R. 1002, 1004 (Bankr. N.D. Ind. 1990). "[T]he Code commits decisions on extending the exclusivity period to the discretion of the bankruptcy court." *203 N. LaSalle St. P'ship v. Bank of Am. Nat. Ass'n*, No. 99 C 7108, 1999 WL 1206619, at *4 (N.D. Ill. Dec. 13, 1999).

In considering whether to extend a debtor's exclusivity periods, courts have typically considered factors including:

> (a) the size and complexity of the case;
> (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
> (c) the existence of good faith progress toward reorganization;
> (d) the fact that the debtor is paying its bills as they become due;
> (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
> (f) whether the debtor has made progress in negotiations with its creditors;
> (g) the amount of time that has elapsed in the case;
> (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
> (i) whether an unresolved contingency exists.

*In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (citing similar factors). In addition to these factors, the court must also "consider the history and purpose of § 1121 and the competing interests which Congress sought to balance when it enacted these time tables." *All Seasons*, 121 B.R. at 1004; *see also In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987), *aff'd sub nom. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988) ("[A]ny bankruptcy court involved in an assessment of whether 'cause' exists should be mindful of the legislative goal behind § 1121. The bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI. Section 1121 was designed, and

should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors."); *In re Lake in the Woods*, 10 B.R. 338, 343 (E.D. Mich. 1981) ("The desire to allow other interested parties to file a plan was grounded in the philosophy that there should be a relative balance of negotiating strength between debtors and creditors during reorganization of an enterprise.").

In his motion to extend, the Debtor cites the aforementioned factors and argues that the "circumstances . . . remain substantially the same as when the Court approved the first motion to extend exclusivity," once again highlighting the pending preference action and noting that he will be able to "formulate a plan of reorganization based on the result of the action." (ECF No. 272 at 3-4.) The Debtor further notes that he is "paying bills as they come due, managing the estate, and . . . has filed interim fee applications for his attorney and accountant," and that he "is not seeking a further extension of the exclusivity period to gain undue leverage over Mr. Hallick or the other creditors." (*Id.* at 4.) At a hearing on the motion held on October 16, 2019, counsel for the Debtor explained that although he could file a contingent plan, he wished to wait for a decision on the pending summary judgment motions in order to avoid possibly duplicative efforts given the significance of the decision in the preference action.

In his objection, Hallick argues that changes have occurred since the first motion to extend was granted, including "the loss of the Blackhawk Junction Strip Mall by a limited liability company solely owned by the Debtor" and the continued increase in administrative fees. (ECF No. 286 at 1-2.) Hallick further contends that the Debtor "only has one shot at a plan," which is based on avoiding Hallick's judgment lien in the preference action, and suggests that the Debtor can "operate on that assumption now and work toward a plan contemporaneously with the Adversary Case." (*Id.* at 2.) Hallick asserts that waiting for

litigation to conclude between a debtor and a creditor does not provide a basis for delaying the exclusivity period, and that granting another extension would put all the pressure on Hallick since none of the creditors can file their own plan or seek conversion. (*Id.* at 4.) At the hearing on the motion, counsel for Hallick continued to emphasize that extending the exclusivity period while the preference action is being litigated places "all eyes on him" and results in undue pressure on him to give in in the adversary proceeding. Counsel also noted that, even if the Debtor did not have the exclusive right to file a plan, it would be unlikely that anyone else would file one in the interim.

In the memorandum decision accompanying the order granting the Debtor's first extension motion, the court noted that "pending litigation between a debtor and a creditor will not always justify extension of the exclusivity periods," but concluded that an extension was appropriate at that time in order to evaluate the pending motions for summary judgment given the potential impact of the preference action. (ECF No. 229 at 5.) The court also noted, among other things, that there had been no showing that the Debtor was mismanaging the estate or that a three-month extension would put undue pressure on Hallick. (*Id.* at 6-7.) The court cautioned, however, that "this grant of this short extension should not be taken to suggest that a future request will be as favorably received." (*Id.* at 5-6.)

After reviewing the parties' written submissions and considering the arguments raised at the hearing, the court declines to extend the Debtor's exclusivity periods any further. At the time of the first motion, the parties represented to the court that the cross motions for summary judgment represented a purely legal issue that the court could quickly resolve. Unfortunately, the adversary proceeding is not as straightforward as the parties had suggested, and this pending litigation cannot provide a basis for a further, possibly

lengthy, extension.[1] *See All Seasons*, 121 B.R. at 1005 ("While the court can understand that it might be more convenient to know the results of the litigation, it does not seem that this Chapter 11 proceeding must be placed in limbo until that time."); *see also In re Dow Corning Corp.*, 208 B.R. 661, 667 (Bankr. E.D. Mich. 1997) (explaining that "litigation within the bankruptcy court over even a key dispute between the parties is not the type of contingency which justifies extension of exclusivity").

The court is also mindful of the legislative purpose of § 1121 and finds that allowing an additional extension of time may affect the relative balance between the Debtor and his creditors during this reorganization. *See Timbers of Inwood Forest*, 808 F.2d at 372. Although the court questions how much pressure is truly on Hallick as a result of the extended exclusivity periods, especially considering counsel's comment that it was unlikely any other party would file a plan before the court's decision on the summary judgment motions, the court does recognize Hallick's legitimate concern about the potential pressure placed on him the longer this case drags on. At a minimum, these concerns about undue pressure coupled with the fact that the Debtor and Hallick have not been in negotiation about the terms of a plan, weighs against any further extensions.

Finally, the court is also troubled by the parties' report that the Debtor has allowed an asset—the Blackhawk Junction Strip Mall, which was listed in his schedules with a value of $1.3 million—to go to a property tax foreclosure lawsuit. Although the Debtor vigorously disputes Hallick's claim of gross mismanagement, which is the subject of Hallick's pending

---

[1] In his motion, the Debtor acknowledges the 18- and 20-month limitations set forth in § 1121(d)(2) and notes that he is not requesting that the court act contrary to those provisions. Nevertheless, by requesting dates that are tied to the outcome of the summary judgment motions, the Debtor is effectively asking for an extension of time of an unknown duration.

motion to convert, he does not appear to dispute the contention that all value from Blackhawk Junction, LLC, has been depleted.

Under these circumstances, the court finds that the Debtor has not met his burden of proving that the requisite cause exists to extend the exclusivity periods under § 1121(d). *See All Seasons*, 121 B.R. at 1004. At this point, it is in the best interests of all parties to proceed on the merits of the reorganization as expeditiously as possible. Said interests are not shown to be served by the proposed additional extension. Accordingly, the Debtor's second motion for an extension of the exclusivity periods is denied.

DATE: November 20, 2019            ENTER:        _____

                                                 Thomas M. Lynch
                                                 United States Bankruptcy Judge