UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: Thomas G. Gialamas, | ) | Bankruptcy No. 18-13341 tml |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Judge Lynch |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

Several months before this bankruptcy case commenced, a Wisconsin circuit court appointed F. John Stark, III the supplemental receiver in a post-judgment enforcement action against the Debtor. On March 30, 2020, this court confirmed the chapter 11 plan of reorganization proposed by a creditor of the Debtor. The confirmed plan provides in section 6.13(a) that several lawsuits pending against the Debtor, including the state court "Receivership Action," are "resolved" and the judgments docketed against the Debtor and orders "affecting the Debtor's assets in favor of Hallick" in those cases, "shall be satisfied."

Now before this court is the Rule 60(b) motion of receiver Stark requesting the vacatur of the court's March 30, 2020 order confirming the chapter 11 plan at least as to its section 6.13(a) and treatment of the Receivership Action.[1] In it, Mr. Stark argues that this court "lacks subject matter jurisdiction" over that provision of the plan and its order, at least with respect to that provision, is therefore "void."

For the reasons discussed below, the Motion is denied.

---

[1] *Motion to Dismiss the Confirmation Order for the Competing Plan of Reorganization Proposed by Old Sauk Trails Park Limited Partnership Solely as It Pertains to the Receivership Action in Dane County, Wisconsin.* (ECF no. 543; hereinafter, the "Motion.") On April 15, 2020, Mr. Stark had initially filed a document entitled *Motion to cure an Omission in the Competing Plan of Reorganization Proposed by Old Sauk Trails Park Limited Partnership and Confirmed by this Court* and electronically docketed as a "limited objection to confirmed plan and motion to cure an omission in plan." (ECF no. 503.) He withdrew the initial motion/objection on May 29, 2020. (ECF no. 544.)

**1. Procedural and Factual Background.**

For this decision the court considered facts presented in the written submissions of the movant, the United States Trustee, the Unsecured Creditors Committee and other parties in interest and, where noted, the argument of counsel presented during the hearing on the motion and the court's docket. A bankruptcy court can take judicial notice of its docket. *See Levine v. Egdi*, No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993). Except where noted otherwise, the facts are not in dispute. Those facts in dispute are immaterial.

Mr. Gialamas' bankruptcy case began when three unsecured creditors filed an involuntary chapter 7 petition against him on October 2, 2018. The court entered the order for relief on January 24, 2019. One month later, it granted the Debtor's motion to convert the case to chapter 11. While proceeding under chapter 11, the Debtor and creditor Old Sauk Trails Park Limited Partnership ("OSTP") filed competing plans. After several modifications to each, the Debtor eventually withdrew his plan. A confirmation hearing was held on the modified OSTP plan (ECF no. 464; hereafter, the "Plan"), which was confirmed as amended by order entered on March 30, 2020. (ECF no. 489.)

It appears that before this bankruptcy case commenced, the Debtor had become enmeshed in several lawsuits in the state courts with several of his creditors.[2] In one of these cases, *Hallick v. Thomas Gialamas and Madison Office Fund, LLC* (Dane County, Wisconsin, Case No. 2017-CV-0332 (the "Receivership Action"), Erick Hallick was awarded judgment in the amount of $16,695,688.11 against Thomas Gialamas. In an order entered on August 31, 2018, on the application of the plaintiff, the Dane County court appointed Mr. Stark supplemental receiver with respect to the Thomas Gialamas Individual Property Trust's partnership interest in the Old Sauk

---

[2] Crawford County, Wisconsin, Case No. 2017TJ21; Vilas County, Wisconsin, Case No. 2017TJ33; Dane County, Wisconsin, Case No. 2017-CV-0332; and Cook County, Illinois, Case No. 2017 M1 104473.

Trails Park Limited Partnership (the "OSTP Interest"). (ECF no. 543, Ex. A; hereinafter, the "Receiver Order.")

The Receiver Order authorized Mr. Stark to "take possession of" the Debtors' interest in Old Sauk Trails Park Limited Partnership, and to "protect and preserve the OSTP Interest, collect all distributions, payments, profits, rents, income and revenues from the OSTP Interest (the 'Receivables') due or to become due from August 21, 2018 until further order of this Court, to effect the sale or redemption of the OSTP Interest, and to otherwise monitor and/or oversee the liquidation of the OSTP Interest." (*Id*. ¶ 3.) It orders the Receiver is to "open a bank account in the name of F. John Stark, III, Receiver For the Benefit of Erick Hallick" and to use such account "to deposit any and all payments, profits, proceeds, rents, income, distributions and revenues ('Receivables') from the OSTP Interest to be held for the benefit of Erick Hallick." (*Id*. ¶ 6.) Gialamas is ordered to cooperate with the Receiver and he and anyone affiliated with the OSTP Interest are directed to surrender their possession of any OSTP Interest to the Receiver. (*Id.* ¶¶ 15, 16, 18.) The Receiver is entitled to "take possession, custody or control of the OSTP Interest." (*Id*. ¶ 22.) The Receiver is "appointed for a term not to exceed a reasonable time after control of the OSTP Interest are delivered to Plaintiff and/or liquidated consistent with the terms of the Partnership Agreement and Wisconsin Law, and to terminate at any time, upon reasonable notice, when this action is dismissed or upon payment of the amount due and owing Plaintiff pursuant to the judgment against Gialamas or upon such other grounds as may be found sufficient by the Court." (*Id.* ¶ 8.)

Receiver Stark now seeks the vacatur of section 6.13(a) of the Plan under Fed. R. Civ. P. 60(b)(4), arguing that this court lacked subject matter jurisdiction to approve that provision, which he labels the "Offending Provision." The Motion takes issue only with that provision as it relates

to the Receivership Action. Entitled "Pending Litigation," section 6.13(a) provides:

> *Litigation Involving Hallick.* Upon Hallick's receipt of the amounts described in Section 4.5(a), the adversary proceedings between the Debtor and Hallick with Adv. Nos. 3-19-22 and 3-19-28 shall be dismissed with prejudice and without costs to either party. They are resolved by the terms of the Plan. Additionally, all judgments docketed against the Debtor or State Court orders affecting the Debtor's assets in favor of Hallick shall be satisfied. They are resolved by the terms of the Plan. They include, without limitation, the following: the judgment in Crawford County, Wisconsin, Case No. 2017TJ21, Vilas County, Wisconsin, Case No. 2017TJ33, the judgment in Dane County, Wisconsin, Case No. 2017-CV-0332, the Charging Order and Order Appointing a Receiver in Dane County, Wisconsin, Case No. 2017-CV-0332 (which order shall direct the Receiver to distribute any proceeds in his possession and to terminate his bond), and the judgment entered in Cook County, Illinois, Case No. 2017 M1 104473.

(ECF no. 464, § 6.13(a).)

The Movant argues that this court had no subject matter jurisdiction, in his words, to "deal with the Receivership Action while adversely affecting the rights of Mr. Stark to be paid in the Receivership Action, under his retention agreement with Mr. Hallick." (Motion, ECF no. 543, ¶ 2.) He asserts that "Mr. Stark's fees for serving as the Receiver are subject to approval and disbursement in the Receivership Action," that the "Plan does not provide any mechanism for Mr. Stark's fees to be paid by Mr. Hallick" and that "all such matters are subject to the jurisdiction of the Receivership Action in Dane County, Wisconsin." (*Id.*)  He argues section 6.13(a) as it relates to the Receivership Action exceeds this court's subject matter jurisdiction provided by 28 U.S.C. §§ 157(b)(2) and 1334(b), and as such is "void." (*Id.* ¶¶ 4-5.)  Relying solely upon Fed. R. Civ. P. 60(b)(4),[3] the Motion asks this court to enter an order "vacating the Offending Provision from the Confirmation Order for want of subject matter jurisdiction." (*Id.* at 14.)

---

[3] Originally, the Motion requested in the alternative a declaration that section 6.13(a) "be construed to pertain only to [Erick] Hallick's former claims against and interests in the estate, not to Mr. Stark's claims against Mr. Hallick or his rights in the Receivership Action."  At oral argument on July 7, 2020, however, Stark's attorney clarified that he sought relief only under Rule 60(b)(4). The court, therefore, deems any request for relief other than under Rule 60(b)(4) to be withdrawn or waived.  Notably, the Bankruptcy Rules require that declaratory relief be obtained in an adversary proceeding.  *See* Fed. R. Bankr. P. 7001(9).

**2.    Discussion.**

Rule 60(b) provides six reasons for which a court may relieve a party from a final judgment. Fed. R. Civ. P. 60(b) (as incorporated by Fed. R. Bankr. P. 9024). Mr. Stark alleges here that the confirmation order, or at least that part of section 6.13(a) of the Plan relating to his interests in the Receivership Action, to be a "void judgment" under Rule 60(b)(4).

Relief under any of the grounds enumerated in Rule 60(b) is "an extraordinary remedy granted only in exceptional circumstances." *LAJIM, LLC v. General Elec. Co.*, 917 F.3d 933, 949 (7th Cir. 2019). The party seeking relief bears the burden of demonstrating those circumstances. *Disch v. Rasmussen*, 417 F.3d 769, 778-79 (7th Cir. 2005). It is a heavy burden. *Id.* A judgment is not void "simply because it is or may have been erroneous," nor is "a motion under Rule 60(b)(4) [a] substitute for a timely appeal." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks and citations omitted). Instead, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* Stark does not allege any violation of due process depriving him of notice or the opportunity to be heard before the Plan was confirmed. To the contrary, it is undisputed that he was present at the confirmation hearing and raised no objection then or before. And the record of the confirmation hearing and the proceedings leading up to it suggest that he was notably involved in the case and no mere bystander.[4]

The Movant argues that because the court lacked subject matter jurisdiction only with respect to confirmation of the "Offensive Provision," section 6.13(a) as it relates to his receivership

---

[4] For example, the Debtor designated Mr. Stark to be the "Sales Agent" for the auction sale of estate assets proposed in his competing plan from which Stark would receive a fee. (*See, e.g.*, Debtor's Am. Plan, ECF no. 398, §§ 1.52, 6.11.)

is void. But "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* at 271. As explained by the Seventh Circuit,

> Only when the jurisdictional error is "egregious" will courts treat the judgment as void. To be egregious, and thus void under Rule 60(b)(4), the error must involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of its authority. If it is not egregious, the courts say that the court that issued the judgment in excess of its jurisdiction had jurisdiction to determine jurisdiction, and its jurisdictional finding, even if erroneous, is therefore good against collateral attack, like any other erroneous but final judgment.

*United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) (internal quotation marks and citations omitted).

Here the court had clear jurisdiction to confirm the Plan. Title 28 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 1334 grants the district courts original and exclusive jurisdiction of all bankruptcy cases, and exclusive jurisdiction "of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate," as well as "over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327." *Id.* §§ 1334(a), (e). Section 327 of the Bankruptcy Code sets forth requirements and procedures for employment of professional persons to represent the bankruptcy estate.[5] The

---

[5] In his motion, Stark alleges that he "continued to perform valuable services for Mr. Hallick throughout the pending bankruptcy" and "provided valuation opinions regarding the OSTP Partnership Interest on June 7, 2019 and January 2, 2020, of Mr. Hallick's interest in OSTP, that were recognized by the Court as being valuable in the Chapter 11 case." (ECF no. 543, ¶ 13.) However, the docket reveals no post-petition request to employ Mr. Stark to represent the estate pursuant to section 327. Stark has never filed a proof of claim in this bankruptcy case nor does the confirmed plan provide for any such claim. The Debtor in Possession never applied for payment of any of his fees or costs as an administrative expense in this case. However, after this Motion had been fully briefed and argued and the court had taken the matter under advisement, Mr. Stark filed in this court notice of Receiver's Motion for Allowance and Payment of His Fees and Expenses, which motion he filed in the Receivership Action on August 19, 2020. (ECF no.

district court is authorized to "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). By General Order, the Western District of Wisconsin has referred all bankruptcy cases and any or all proceedings arising under title 11, or arising in or related to a case under title 11, to the bankruptcy judges for the district. *See* General Order 161 (June 12, 1984). Bankruptcy judges may hear and determine all "core proceedings arising under title 11, or arising in a case under title 11" referred to them and may enter appropriate orders and judgments. 28 U.S.C. § 157(b)(1). Among the types of matters statutorily designated as "core" is "confirmations of plans." *Id.* § 157(b)(2)(L).

The Movant does not suggest otherwise but instead asserts that he is "a creditor of a creditor, Mr. Hallick, and therefore this Court lacks subject matter jurisdiction to alter his rights against Mr. Hallick under the Plan." (Motion, ECF no. 543, ¶ 3.) Arguing that he is owed money by Hallick independent of the Debtor, the Debtor's estate or property of the Debtor, Stark asserts instead that section 6.13(a) impermissibly interferes with his right to payment by prohibiting him from collecting from Hallick. However, there is no need for the court to address today the outer limits of a chapter 11 plan's ability to bind or modify the rights of non-creditor third parties as the Movant invites us to do.[6] For Mr. Stark has failed to demonstrate his threshold propositions that he is a direct creditor of Hallick owed money directly from Hallick in a way unconnected to the Debtor or the Debtor's estate, and that he is not a creditor of the Debtor's estate or that the Plan prohibits him from collecting this payment without involving Thomas Gialamas or the estate.

---

556, Ex. A.).

[6] Section 1141(a) of the Bankruptcy Code provides, with certain exceptions, that "the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan." 11 U.S.C. § 1141(a).

Page **7** of **13**

The evidence presented in support of Mr. Stark's threshold argument is scant and does not prove his claim. First, he submits the "Order Appointing Receiver" issued in the Dane County case on August 31, 2018. (ECF no. 543, Ex. A.) Notably, while the Receiver Order states generally that the "Receiver shall be entitled to compensation at reasonable rates and for services rendered, and to compensate those parties he is entitled to engage as provided herein at reasonable rates for services rendered" (*id.* ¶ 26), it does not state *who* must compensate the receiver and makes no mention of Mr. Hallick. To the contrary, the Receiver Order indicates elsewhere that Stark's reimbursement is to come from the Debtor's property administered by the receiver. After noting the receiver's duty to administer the Debtor's interest in Old Sauk Trails Park Limited Partnership, the order states that "*[o]ut of the Receivables so received*, the Receiver may, from time to time, pay expenses related to the OSTP Interest but must first obtain permission from this court." (*Id.* ¶ 13 (emphasis added).)[7]

The Movant next presents a letter titled "Re: Engagement Terms for the Receivership – Thomas Gialamas' Interest in Old Sauk Trails Park, LP (Case No. 2017-CV-0332)." (ECF no. 551, Ex. A; hereinafter, the "Engagement Letter.") Dated August 15, 2018, the Engagement Letter is signed by Stark and "[a]cknowledged and agreed to as of September 21, 2018" by Hallick. After reciting that Mr. Stark generally charges a fee based on an hourly rate of $425.00 and his attorney charges $275 per hour, the Engagement Letter acknowledges that "I understand that my fees will be payable from the funds in the Receivership bank account, at the conclusion of the Receivership. I will also obtain court approval prior to the payment of any bills." (*Id.*) Nothing in the Engagement Letter states that Hallick is directly responsible for paying the Receiver's fees or that Hallick guarantees payment should the fees exceed the proceeds of the Debtor's property

---

[7] *See also id.* ¶ 1 (Receiver appointed for the Thomas Gialamas Partnership Trust's partnership interest); ¶ 16 (payments of OSTP Interest Receivables to be made to the Receiver and the Receiver Account).

marshalled and administered by receiver Stark.

At best, the Receiver Order and Engagement Letter indicate that any potential claim the Movant has for his services shall be paid from the Debtor's interest in Old Sauk Trails Park Limited Partnership or its proceeds. But that interest and proceeds became property of the Debtor's bankruptcy estate when this case commenced. 11 U.S.C. § 541(a)(1) (commencement of a bankruptcy case creates an estate comprised of all legal or equitable interests of the debtor in property as of the commencement of the case "*wherever located and by whomever held*" (emphasis added)). Not only is the property interest itself within this court's jurisdiction, but so, too, are any claims against that property or adjudication of any claim or interest in this property. Bankruptcy courts are "expressly granted [the] power to 'allow,' disallow' and 'reconsider' claims, which is of 'basic importance in the administration of a bankruptcy estate.'" *In re Devey*, 590 B.R. 706, 716 (Bankr. D.S. Car. 2018) (quoting *Katchen v. Landy*, 382 U.S. 323, 329-30 (1966)). The Bankruptcy Code broadly defines claims to include not only claims against the debtor personally but also rights to payment from property of the debtor, even if that right is without recourse to the debtor individually. *Johnson v. Home State Bank*, 501 U.S. 78 (1991).

Further, the Bankruptcy Code expressly provides for situations where, as here, a receiver has been appointed by another court for such claims before the bankruptcy case commenced. Receiver Stark appears to squarely fit the statute's definition of a "custodian," that is "a receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under" title 11. 11 U.S.C. § 101(11). Section 543 of the Bankruptcy Code generally requires a custodian to:

> (1) *deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds*, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
>
> (2) file an accounting of any property of the debtor, or proceeds, product, offspring,

>rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

11 U.S.C. § 543(b)(emphasis supplied). The Bankruptcy Code authorizes the bankruptcy court, after "notice and hearing," to "excuse" a custodian from the obligation to turn over property if the interests of creditors "would be better served by permitting a custodian to continue in possession, custody, or control of such property." *Id.* § 543(d)(1). No request to excuse compliance has been made in this case.[8] Section 543 also authorizes the bankruptcy court to approve compensation of a custodian, stating that the bankruptcy court, "after notice and a hearing, shall . . . provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian." 11 U.S.C. § 543(c). Yet, Mr. Stark never made a request for compensation or filed proof of claim in the case, nor did he object to the Plan before it was confirmed.

The Movant has failed to demonstrate the factual predicate to his jurisdictional argument, that is that section 6.13(a) actually interferes with a direct contractual right to payment from Hallick. Of course, if Stark had a contract claim against Hallick that does not implicate the Debtor or bankruptcy estate, there would be no obstacle to his pursuing it. In contrast, the Dane County action which Mr. Stark seeks to maintain is a supplementary proceeding to collect a pre-petition judgment against the Debtor from the assets of the Estate. The continuation of that proceeding without more, however, may well violate the automatic stay. Section 362 of the Bankruptcy Code

>operates as a stay, applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

---

[8] Likewise, Mr. Stark never filed an accounting of any property with this court, nor has he asked to be relieved of his apparent obligation to do so.

11 U.S.C. § 362(a)(1). The Receivership Action appears to fall squarely within that stay.

Similarly, when the Debtor completes the payments called for by the Plan, he will receive a discharge that will void the judgment on which the receivership is based, at least "to the extent that such judgment is a determination of the personal liability of the debtor." 11 U.S.C. § 524(a). The Debtor's chapter 11 discharge will operate "as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." *Id.* Finally, section 9.3 of the confirmed plan – a provision that Mr. Stark does not seek to invalidate – provides that except "as otherwise provided for in the Plan and except with respect to actions to enforce the terms of the Plan, all Persons who have held, hold, or may hold Claims as of the Effective Date are permanently enjoined" from the enumerated acts, including "commencing and continuing in any manner any action or other proceeding of any kind with respect to any Claim against the Reorganized Debtor," or "enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Reorganized Debtor," or "creating, perfecting, or enforcing any encumbrance of any kind against the Reorganized Debtor." (ECF no. 464.) Mr. Stark, however, does not challenge this provision of the Plan, despite its clear application to the Receivership Action.

The Movant relies principally upon *In re Xonics, Inc.*, to make his jurisdictional argument that section 6.13(a) of the Plan does not "relate to" the bankruptcy case because it does not "affect[] the amount of property available for distribution or the allocation of property among creditors." 813 F.2d 127, 131 (7th Cir. 1987). His reference to this decision is not persuasive. *Xonics* does not involve state court litigation in which the debtor was a named defendant. Nor does it concern a receivership over property administered under a confirmed plan. Instead, *Xonics* involved a dispute between two secured creditors over rights to property that had been *abandoned* under the

terms of a confirmed plan. The parties' interests arose under state law and did not implicate bankruptcy law in *Xonics*. And because the property at issue in that case had been abandoned and no longer constituted property of the bankruptcy estate, *Xonics* did not affect the bankruptcy estate, distributions, the implementation of the bankruptcy plan or the debtor.

Here the Movant challenges the very confirmation of the chapter 11 Plan. That matter not only "relates to" the bankruptcy proceeding, but "arises under title 11." 28 U.S.C. § 1334(b). The property at issue here will not be abandoned to secured creditors under the Plan. To the contrary, the Plan provides that "[c]ash necessary to fund payments shall be from the distributions received by the Debtor before the confirmation date on account of his interests in the OSTP Units and GFH Units, and then the Net Sales Proceeds" from the redemption of those units by OSTP and GFH. (ECF no. 464, § 6.1.) It is from that same OSTP Interest and proceeds that Stark seeks to be paid outside of the bankruptcy. (*See* Receiver Order, ECF no. 543, Ex. A, ¶¶ 1, 6, 16.h, 18 and 22.)

Finally, Mr. Stark does not suggest that prior to the confirmation of the Plan he was unaware of this case or of the parties' proposals to resolve the Receivership Action. He was named as a defendant in an adversary proceeding in this bankruptcy brought by the Debtor more than a year before confirmation. (*Gialamas v. Hallick and Stark*, Adv. No. 19-22.) In that case the Debtor sought to avoid as preferential transfers certain liens that Stark and Hallick obtained in the Dane County litigation, including a lien upon the Old Sauk Trails Park Limited Partnership interest and certain proceeds that Stark had collected from that interest in his capacity as receiver. (Compl., Adv. No. 19-22, ECF no. 1, March 16, 2019.) Stark filed an answer to the adversary complaint and later motion for summary judgment. (*Id.,* ECF nos. 8, 15.) Stark may be seen to have benefitted from the very provision of the confirmed plan which he now attacks, section 6.13(a), as it provides for the dismissal with prejudice of the preferential transfer action against him. That

adversary proceeding was pending when the Debtor's plan and the OSTP Plan were proposed and considered. The Movant was present at the February 5, 2020 hearing at which the court considered the adequacy of the parties' Amended Joint Disclosure Statement, and he was on the conference call for the March 25 confirmation hearing. It was not until after the Plan was confirmed that Stark objected to the Plan and its resolution of the Receivership Action and related claims. Yet, nowhere in his briefs and argument does the Movant explain his apparent acquiescence to the court's jurisdiction to approve the Plan with section 6.13(a) until after it was confirmed.

### 3. Conclusion.

Mr. Stark has failed to demonstrate that this court lacked subject matter jurisdiction to confirm the Plan, including section 6.13(a) thereof, and therefore the Rule 60(b) Motion will be denied. A separate order shall be entered giving effect to the determinations reached herein.

September 21, 2020

ENTER:

_____
Thomas M. Lynch
United States Bankruptcy Judge